IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Yessica Ayala Luna,**

    Plaintiff,

    vs.                            Case No. 19-CV-00832 JAP

**Farmers Insurance Company of Arizona,**

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

In Plaintiff's MOTION TO REMAND (Doc. No. 9) filed September 12, 2019, Plaintiff Yessica Ayala Luna asserts that the Court lacks federal jurisdiction over this case and asks the Court to remand this case to state court. For the reasons stated below, the Court GRANTS Plaintiff's MOTION TO REMAND.

### Background

In April 2017, an uninsured motorist struck Plaintiff's vehicle causing damage to the vehicle and physical injuries to Plaintiff. NOTICE OF REMOVAL, Doc. No. 5, FIRST AMENDED COMPLAINT, Ex. B. At that time, Defendant Farmers Insurance Company of Arizona insured Plaintiff. *Id.* On June 29, 2019, Plaintiff filed her First Amended Complaint in the Second Judicial District Court in Bernalillo County, New Mexico, alleging violations of the New Mexico Unfair Insurance Practices Act (NMSA 1978, § 59A-16-20), the New Mexico Unfair Practices Act (NMSA 1978, § 57-12-1), and New Mexico common law claims of bad faith breach of contract and intentional infliction of emotional distress against Defendant. *Id.* Plaintiff's

complaint did not quantify the damages she seeks, however, a certification regarding arbitration filed at the same time as the complaint stated that Plaintiff seeks damages over $25,000 but not more than $75,000. *Id.*

Defendant removed this case under 28 U.S.C. § 1332(a), on the ground that this Court has diversity jurisdiction. Doc. No. 5. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). The parties do not dispute that complete diversity exists in this case.[1] Plaintiff, however, contests that the amount in controversy meets the threshold for removal.

**Legal Standard**

To remove a case to federal court, a defendant must file a notice of removal following the requirements of 28 U.S.C. § 1446. The requirements are not arduous; the notice must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). When a defendant removes a case to federal court on the basis of diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold", but "[e]vidence establishing the amount *is required* by § 1446(c)(2)(B) . . . *when the plaintiff contests* . . . the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (emphasis added). The Supreme Court has instructed that, "[i]n such a case, both sides submit proof and the court decides . . .

---

[1] The parties agree that Plaintiff is a citizen of New Mexico and Defendant is a citizen of Arizona. Accordingly, complete diversity exists. *See Dutcher v. Matheson,* 733 F.3d 980, 987 (10th Cir. 2013) ("Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant.").

whether the amount-in-controversy requirement has been satisfied." *Id.* Thus, the district court must find "by a preponderance of the evidence that the amount in controversy exceeds the amount specified in section 1332(a)" for such cases to proceed in federal court. 28 U.S.C. § 1446(c)(2)(B).

**Discussion**

Here, Plaintiff contests Defendant's allegation that the amount in controversy exceeds the $75,000 jurisdictional threshold. Doc. No. 9. Accordingly, Defendant bears the burden as the proponent of removal to establish the amount in controversy by a preponderance of the evidence. But Defendant did not file a response to Plaintiff's MOTION TO REMAND. As a result, the Court is left without jurisdictional evidence from Defendant beyond the contentions in Defendant's NOTICE OF REMOVAL (Doc. No. 5).

Notably, 28 U.S.C. § 1446 places no obligation on proponents of removal to submit evidence of the amount in controversy along with the notice of removal. *See* 28 U.S.C. § 1446(a); *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 965 (8th Cir. 2016) (explaining that the "notice of removal . . . need [not] be accompanied by a submission of evidence."). Even so, Defendant argues in its NOTICE OF REMOVAL that on the face of the operative complaint (Doc. No. 5, Ex. B), Plaintiff seeks to recover more than $75,000. Defendant's argument, however, relies solely on the categories of damages Plaintiff seeks to recover.[2] Indeed, Defendant does not explain how those categories of damages result in an amount in controversy that exceeds the jurisdictional threshold.

Further, Plaintiff stipulated that she does not and "will not ever seek any type or category of damages in excess of $75,000 in this matter." Doc. No. 9, Ex. A. Given Defendant's failure to

---

[2] Plaintiff's First Amended Complaint seeks compensatory damages, actual damages, treble damages, statutory damages, incidental and consequential damages, costs, attorneys' fees, and punitive damages. Doc. No. 5, Ex. B.

offer evidence in support of the amount in controversy and Plaintiff's stipulation that the damages she seeks do not exceed $75,000, the Court concludes that Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, IT IS ORDERED THAT Plaintiff's MOTION TO REMAND (Doc. No. 9) is GRANTED. This case is remanded to the Second Judicial District Court of New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE